UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTANY WILLIAMS,

    Plaintiff,

v.                                                      Case No: 8:21-cv-51-CEH-SPF

HOME ADVANTAGE HUMANA,

    Defendant.
_____/

## **ORDER**

      This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 6), filed on January 14, 2021. In the motion, Defendant states that Plaintiff's discrimination claims are barred due to Plaintiff's failure to comply with mandatory prerequisites for filing her claims. In response, Plaintiff filed an "Objection to Defendant's Motion's [sic] to Dismiss; Motion to Agree with State Court." Doc. 13. Defendant responded in opposition to Plaintiff's "Motion to Agree with State Court." Doc. 14. Also pending is Defendant's Motion to Stay Discovery Pending Court's Ruling on Motion to Dismiss (Doc. 15), which Plaintiff opposes (Doc. 16) in a pleading titled "Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss and Decide on Case." Defendant filed a response in opposition to Plaintiff's Motion to Dismiss. Doc. 17. Plaintiff also filed a Motion to Grant Case in Favor of Plaintiff. Doc. 18. The Court, having considered the motions and being fully advised in the premises, will grant Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiff's discrimination claims are due to be dismissed with prejudice, as they are

time barred. Because the Court is unable to determine if Plaintiff's purported breach of contract claim is a claim separate and distinct from her discrimination claims, the Court will permit Plaintiff the opportunity to file an amended complaint related to the breach of contract claim only. The remaining motions are due to be denied.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiff, Brittany Williams, who is proceeding *pro se*, initiated this action on December 2, 2020, by filing a Complaint in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County. Doc. 1-2. Plaintiff sues Defendant, Home Advantage Humana, for "employment discrimination of a medical disability, gender discrimination, nationality discrimination, and believable sexual orientation discrimination." *Id.* at 1.

Plaintiff alleges she began working for Defendant at or around March 12, 2018. *Id.* She signed an 18-month contract that was supposed to last until December 2019. *Id.* During her first week of training, Plaintiff was "verbally harassed [by a] coworker." *Id.* Additionally, she alleges she had "unexcused missed days" from work despite the fact she had a doctor's note stating the medical reasons why she missed three days. She explained to Victor, whom she identifies as department manager, that her absences were due to medical reasons, namely that she suffered a miscarriage on June 6, 2018. *Id.*

---

[1] The following statement of facts is derived from the Plaintiff's Complaint (Doc. 1-2), the allegations of which the Court must accept as true in ruling on the instant motion. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Subsequently, Plaintiff was involved in an altercation with another co-worker who bumped into Plaintiff and who later threatened to beat up Plaintiff. *Id.* Plaintiff had a meeting with Neisha, whom Plaintiff describes as an African-American female, Victor, and the woman who bumped into Plaintiff. *Id.* Plaintiff and the unknown woman apologized to each other and they returned to work. *Id.* Plaintiff returned to her cubicle but asked to be moved because the woman sitting behind Plaintiff said things Plaintiff did not agree with. *Id.*

Neisha told Plaintiff she should take the rest of the day off, but when Plaintiff was leaving, Neisha had all of Plaintiff's personal belongings in a box. *Id.* at 2. Plaintiff was "confused, surprised, and upset." *Id.* Plaintiff "was never invited to work again." *Id.* Plaintiff alleges she has lost her apartment, vehicle, children, and her sanity due to Defendant's conduct. *Id.* She alleges that a breach of contract occurred due to her "pregnancy, race, nationality, and sexual orientation." *Id.*

On January 8, 2021, Defendant timely removed the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Doc. 1. Defendant attaches Plaintiff's EEOC Charge of Discrimination to the Notice of Removal. Doc. 1-5. The Charge of Discrimination, dual filed with the Florida Commission of Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"), is dated August 7, 2020 and alleges a date of discrimination of June 15, 2018. *Id.* Specifically, Plaintiff states in her Charge:

> I was hired in or around March 2018, as an Appointment Setter. On June 15, 2018, I submitted a Doctor's note indicating I was pregnant, as the reason for missing 3 days

> work. I was sent home and have not been placed back on the schedule. I have had no contact with the employer since that time.
>
> Based on the foregoing, I believe that I have been discriminated against due to my race (American Indian) and my sex (Female-pregnancy related), in violation of Title VII of the Civil Rights Act of 1964, as amended.

Doc. 1-5. On the form, Plaintiff checks the boxes next to "race" and "sex" as the basis for the alleged discrimination.[2] *Id.* The Charge is digitally signed by Plaintiff on August 7, 2020. *Id.*

On January 14, 2021, Defendant filed a motion to dismiss Plaintiff's Complaint. Doc. 6. Defendant argues that Plaintiff's discrimination claims are untimely because she filed her Charge of Discrimination with the EEOC more than two years following her alleged termination. *Id.* at 1–3.

On March 2, 2021, Plaintiff filed an "objection" to Defendant's motion to dismiss and a "motion to agree with state court." Doc. 13. Plaintiff argues that she obtained a default against Defendant in the state court case and she demands payment. *Id.* Defendant responds to Plaintiff's Motion to Agree with State Court, explaining that the Pinellas County Clerk entered a default in the state court action in error. Doc. 14. Defendant attaches a copy of the state court docket showing the clerk's default that was erroneously entered on February 17, 2021, after the case was removed to federal court on January 8, 2021. *See* Doc. 14-2. The state court docket reflects an order issued

---

[2] Of note, Plaintiff does not check the boxes for "national origin," "retaliation," or "disability" as bases for her allegations of discrimination. *See* Doc. 1-5.

March 3, 2021, granting Defendant's motion to set aside clerk's default as to Home Advantage Humana. *Id.*

On March 25, 2021, Defendant filed a motion to stay discovery pending the Court's ruling on its motion to dismiss. Doc. 15. In response, Plaintiff filed a pleading opposing the stay and requesting the Court to decide the case in her favor and dismiss Defendant's motion to dismiss. Doc. 16. Plaintiff argues that her original lawsuit included a breech (sic) of contract and retaliation claim. Regarding the statute of limitations defense raised by Defendant, Plaintiff contends that the Charge of Discrimination was filed within 300 days from the date the employment contract was scheduled to end in September 2019. *Id.* at 4. In response, Defendant requests the Court strike Plaintiff's motion as being a procedurally improper second responsive pleading. Doc. 17.

Plaintiff again files a motion requesting the Court grant the case in her favor. Doc. 18. She states that her case "is about a breached contract due to employment discrimination, a violation of Title VII of the Civil Rights Act of 1964 which states employment discrimination based on race, color, religion, sex, and national origin is prohibited." *Id.* at 2.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not

sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*. While pleadings from pro se litigants are held to a less stringent standard than pleadings drafted by attorneys, *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998), they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994).

In deciding a motion to dismiss, the Court may consider a document attached to the pleadings as an exhibit—without converting the motion to one for summary judgment —if the document is central to the plaintiff's claim and the authenticity of the document is not challenged. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal").

## III. DISCUSSION

Construing Plaintiff's *pro se* complaint liberally, as the Court must do, Plaintiff purports to state a claim for discrimination under Title VII and the Florida Civil Rights Act. "Before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies . . . [which begins with] filing a timely charge of discrimination with the EEOC." *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (internal citations omitted); *see also Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (finding a plaintiff must file a charge of discrimination with the EEOC before filing a Title VII action). Indeed, the Eleventh Circuit "has long required plaintiffs to exhaust their administrative remedies before bringing suit under Title VII." *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989).

Although not attached to Plaintiff's Complaint, the Court may properly consider the Charge of Discrimination on the Defendant's pending motion to dismiss without converting the motion to one for summary judgment because the charge is central to Plaintiff's discrimination claims. *See, e.g., Brooks*, 116 F.3d at 1369. Here, Plaintiff filed her Charge of Discrimination on August 7, 2020. Doc. 1-5.

In general, a charge "shall be filed within one hundred and eighty days after the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1). However, in a deferral state, such as Florida, "the period for filing a charge with the EEOC may be extended to 300 days if the complainant first files a timely charge in a state or local agency." *Maynard v. Pneumatic Prod. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001); *see*

*also* 42 U.S.C. § 2000e-5(e)(1).³ Plaintiff dual filed her Charge with the FCHR and EEOC on August 7, 2020, specifically stating that the last date the discriminatory conduct took place was June 15, 2018. Doc. 1-5 at 2. Thus, Plaintiff's Charge was untimely because it was filed over two years after the last date of Defendant's alleged discriminatory conduct, *i.e,* the date Plaintiff was not invited back to work. Plaintiff's failure to timely file her charge is fatal to her discrimination claims. *See E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002) ("For a charge to be timely in a deferral state such as Florida, it must be filed within 300 days of the last discriminatory act . . . [and] only those claims arising within 300 days prior to the filing of the EEOC's discrimination charge are actionable.") (citations omitted). Thus, Plaintiff's discrimination claims are due to be dismissed with prejudice.

Plaintiff's Complaint and subsequent filings make vague reference to a breach of employment contract claim. To state a claim for breach of contract, "Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). Plaintiff states she entered into an 18-month contract, but she does not say with whom she contracted, nor does she attach a copy of the contract. According to Defendant, Plaintiff's actual employer was a third-party staffing agency, KeyStaff. *See* Doc. 6 at n.3. Thus, it is unclear

---

³ Alternatively, an aggrieved person's charge of discrimination is timely if filed within thirty (30) days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, but *only if* earlier than three hundred days after the alleged unlawful employment. *See* 42 U.S.C.A. § 2000e-5(e)(1).

whether Plaintiff entered into a contract with Defendant or the staffing agency. As for any alleged breach, Plaintiff states "a breach of contract occurred due to my pregnancy, race, nationality, and sexual orientation." Doc. 1-2 at 2. Such allegations are insufficient to allege a breach of a contract. Again, it is unclear if Plaintiff is complaining about the alleged discriminatory conduct or about some other conduct by Defendant that resulted in a breach of contract. Given that the rules permitting amendment to pleadings shall be liberally applied, *see* Fed. R. Civ. P. 15(a)(2), the Court will allow Plaintiff the opportunity to replead her breach of contract claim, to the extent she can state an independent, distinct claim from her time-barred claims of discrimination. If she so chooses to amend her complaint to assert a breach of contract claim, Plaintiff shall allege with whom she contracted and attach a copy of the signed contract as an exhibit to the amended complaint.

Regarding Plaintiff's motions requesting a ruling in her favor based upon the underlying state court default (Docs. 13, 16), it is clear that the clerk's default, entered after the case had been removed to federal court, was entered in error. Thus, Plaintiff may not rely upon the state court clerk's default, which has since been set aside, as a basis for any relief in this Court. Similarly, Plaintiff's motion for the case to be granted in her favor (Doc. 18) will also be denied as premature. Plaintiff's claims for discrimination are dismissed as untimely and Plaintiff's breach of contract claim, to the extent she can state such claim, must be repleaded in an amended complaint.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 6) is **GRANTED**. Plaintiff's discrimination claims under Title VII and/or the FCRA are **dismissed with prejudice**.

2. Plaintiff may file an Amended Complaint to allege a breach of contract claim, if she so chooses, to the extent that the claim is one other than for discrimination under Title VII and/or the FCRA. The Amended Complaint shall be filed within 21 days of the date of this Order. Failure to file an Amended Complaint within that time frame will result in this action being dismissed without further notice.

3. Defendant's Motion to Stay Discovery Pending Ruling on Motion to Dismiss (Doc. 15) is **DENIED as moot**.

4. Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss and Decide on Case (Doc. 16) is **DENIED**.

5. Plaintiff's Motion to Grant Case in Favor of Plaintiff (Doc. 18) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 29, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any